# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RYAN LAMAR HOLLAND,           )
                              )
        Petitioner,           )
                              )
     v.                       )        1:10CR445-1
                              )        1:13CV762
UNITED STATES OF AMERICA,     )
                              )
        Respondent.           )

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This Court (per then-Chief United States District James A. Beaty, Jr.) entered a Judgment against Petitioner imposing, inter alia, a prison term of 292 months, following his guilty plea to conspiracy to distribute 280 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Docket Entry 159; see also Docket Entry 1 (Indictment); Docket Entry 110 (Plea Agreement); Docket Entry 188 (Plea Hrg. Tr.); Docket Entry 189 (Sent'g Hrg. Tr.).)[1] The United States Court of Appeals for the Fourth Circuit affirmed. United States v. Holland, 489 F. App'x 666 (4th Cir. 2012). Petitioner thereafter timely filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("Section 2255 Motion"). (Docket Entry 215.) The United States opposed relief (on the merits) and moved for dismissal (based on a waiver of collateral claims in Petitioner's

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Plea Agreement) (Docket Entry 232), whereupon Petitioner replied/responded (Docket Entry 236). The Court should deny relief.[2]

The instant Section 2255 Motion asserts this single ground for relief: "[Petitioner's] Fifth and Sixth Amendment rights were violated when the imposition of his sentencing was increased from his mandatory minimum based upon judicial determination in the distribution of an unspecified amount of cocaine base not listed in [his] indictment." (Docket Entry 215, ¶ 12(Ground One).) As "[s]upporting facts" for this claim, the instant Section 2255 Motion cites the following:

> Accordingly, any fact (other than prior convictions) that increases the minimum or maximum for a crime must be charged in the indictment, submitted to a jury, and proven beyond a reasonable doubt. It is [Petitioner's] contention that he is being held accountable for drug quantities not presented in his indictment. [Petitioner's] indictment shows his minimum and culpability was for 280 grams of cocaine base. Facts that increase [Petitioner's] mandatory minimum after [his] pleadings were therefore, elements and should have been submitted to the jury and found beyond a reasonable doubt. Therefore, the imposition of [Petitioner's] sentencing was increased based on judicial determination of drugs and allegedly unfounded statements made by [Petitioner] himself. Moreover, these inconsistencies of

---

[2] Petitioner's waiver of his right to pursue a collateral challenge contained an exception that allowed him to raise a claim for "a sentence in excess of the statutory maximum." (Docket Entry 110, ¶ 5.d.) Because (as detailed below) Petitioner effectively contends that, under the Constitution, his statutory minimum prison term also constituted his statutory maximum prison term, the Court should not dismiss Petitioner's instant Section 2255 Motion based on the waiver in his Plea Agreement and, instead, should resolve this matter on the merits.

2

>     law cannot be used to bypass [Petitioner's] due process
>     or Sixth Amendment rights.

(Id., ¶ 12(Ground One)(a); see also id., ¶ 18 (identifying Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013), as basis for claim set forth in Ground One); Docket Entry 236 at 2-3 ("It is Petitioner's contention that raising his mandatory minimum sentence of 10 years based on the judges [sic] findings through preponderance of evidence of an unspecified amount in Petitioner's indictment, except 280 grams, was inconsistent of the Sixth Amendment protection right to a jury trial as articulated in United States v. Booker, 543 U.S. 220 [(2005)]; See also, Apprendi v. New Jersey, 530 U.S. 466, 476 (2000). 'Any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.'" (internal brackets and parallel citations omitted)), 5-6 (discussing Booker and Apprendi).) Petitioner's foregoing claim fails as a matter of law.

Petitioner's guilty plea exposed him to a sentence of ten years to life in prison. See 21 U.S.C. § 841(b)(1)(A).[3] Moreover

---

[3] The United States originally filed an Information of Prior Conviction (Docket Entry 108), which would have increased Petitioner's statutory minimum prison term from ten to 20 years, see 21 U.S.C. § 841(b)(1)(A); however, at sentencing, the United States withdrew that filing because the underlying conviction no longer qualified as a "felony drug offense," after the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) (see Docket Entry 189 at 5-6).

3

(as the Fourth Circuit explained in connection with Petitioner's direct appeal):

> The [Court] appropriately determined the amount of drugs attributed to [Petitioner] based on his admissions . . . .
>
> The [Court] followed the necessary procedural steps in sentencing [Petitioner], appropriately treated the [S]entencing Guidelines as advisory, properly calculated and considered the applicable Guidelines range, and weighed the relevant 18 U.S.C. § 3553(a) (2006) factors . . . . [T]he [Court's] consideration of the § 3553(a) factors and imposition of the 292-month sentence was reasonable and not an abuse of discretion.

Holland, 489 F. App'x at 667.

"Though [Petitioner] asserts that facts supporting enhancements to a defendant's offense level [under the Sentencing Guidelines] must be admitted by the defendant or found by a jury beyond a reasonable doubt, the remedial portion of *United States v. Booker* explicitly rejected such an approach. After *Booker*, the sentencing court continues to make factual findings concerning sentencing factors by a preponderance of the evidence." United States v. Miller, 372 F. App'x 358, 358-59 (4th Cir. 2010) (internal citation omitted); see also Pate v. United States, Nos. 1:10CV585, 1:06CR478-3, 2011 WL 2470120, at *3 (M.D.N.C. Mar. 17, 2011) (unpublished) (finding no basis for relief on claim attacking judicial determination of drug amounts relevant to offense level calculations under the Sentencing Guidelines, where (as here) "those Guidelines had already been rendered advisory by *Booker* well

4

prior to [the p]etitioner's sentencing"), recommendation adopted, 2011 WL 2462208 (M.D.N.C. June 20, 2011) (unpublished).[4] Similarly, "[b]ecause [Petitioner] was sentenced below the statutory maximum[] on [the] count [of conviction], his [Apprendi] argument is without merit." United States v. McKoy, 498 F. App'x 369, 371 (4th Cir. 2012). Lastly, "[a]s *Alleyne* had no effect on Guidelines enhancements, [Petitioner's reliance on that decision] is without merit." United States v. Holder, 549 F. App'x 214, 215 (4th Cir. 2014); accord United States v. Rios, 592 F. App'x 198, 199 (4th Cir. 2015); United States v. Benn, 572 F. App'x 167, 179–80 (4th Cir.), cert. denied, ___ U.S. ___, 135 S. Ct. 385, and ___ U.S. ___, 135 S. Ct. 313 (2014).[5]

---

[4] Petitioner's Reply/Response relies on United States v. Milam, 443 F.3d 382 (4th Cir. 2006), to support his view that the Court erred by determining drug amounts under the Sentencing Guidelines (see Docket Entry 236 at 3, 5-6), but Milam "involved [a] pre-*Booker* disposition[] . . . [and does not] affect the [Court's] post-*Booker* . . . calculation of [Petitioner's] advisory guideline range," United States v. Martin, 278 F. App'x 248, 252 (4th Cir. 2008).

[5] Petitioner's Reply/Response asserts that "at sentencing [he] objected to the findings of being responsible for 11.8 kilograms of cocaine base." (Docket Entry 236 at 3; see also id. at 5 ("At sentencing, Petitioner objected to the amount of drugs attributed to him, however, the Court overruled this objection and affirmatively adopted the probation officer's presentence report.").) In fact, the record confirms that Petitioner made no such objection; to the contrary, through counsel, Petitioner expressly informed the Court that he did not object to his Presentence Report. (See Docket Entry 189 at 2-3.) Petitioner's Reply/Response further states that he proceeded "under the presumption and assurance of his lawyer that he would be sentenced
(continued...)

5

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket Entry 215) be denied without issuance of certificate of appealability.

                                    /s/ L. Patrick Auld
                                  **L. Patrick Auld**
                          **United States Magistrate Judge**
September 11, 2015

---

⁵(...continued)
from the advisory guideline base offense level 29 after acceptance of responsibility with the criminal history category IV. Accordingly, the appropriate maximum statutory sentencing range under the advisory guidelines were [sic] 121-151 months of imprisonment." (Docket Entry 236 at 3-4 (emphasis omitted).) However, the record again reveals that (after Petitioner, through counsel, reported that he had no objections to the Presentence Report): (1) the Court announced that, "[t]aking the guideline into account on an advisory basis, it would appear the following guideline ranges apply: total offense level of 37, criminal history category of IV, imprisonment range of 292 to 365 months" (Docket Entry 189 at 3); (2) Petitioner, through counsel, agreed (see id.); and (3) Petitioner, when given the opportunity to address the Court directly, neither claimed that his counsel had misled him about the guideline calculations nor otherwise voiced any objection to the advisory range (see id. at 6). Finally, to the extent Petitioner's Reply/Response contends that (because his Plea Agreement only admitted responsibility for 280 grams of cocaine base) his counsel should have objected to the Presentence Report's inclusion of a greater amount for purposes of the advisory guideline calculation (see Docket Entry 236 at 4), that objection would have failed (for the same reasons, articulated above, that doomed the claim presented in the instant Section 2255 Motion); as a result, Petitioner could not prevail on an ineffective assistance of counsel claim predicated on such matters, see Oken v. Corcoran, 220 F.3d 259, 269 (4th Cir. 2000) ("[C]ounsel [i]s not constitutionally ineffective in failing to [take an action if] . . . it would have been futile for counsel to have done so . . . .").