IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RYAN LAMAR HOLLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:17CV1007 |
| v. | ) | 1:10CR445-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a federal prisoner, submitted a Motion (Docket Entry 334) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. This Motion cannot be further processed because court records reveal that Petitioner previously attacked the same conviction and sentence in a prior § 2255 motion [No 1:13CV762]. Consequently, Petitioner must move in the United States Court of Appeals for the Fourth Circuit for an order authorizing this district court to consider the current Motion, as required by 28 U.S.C. § 2255 and 28 U.S.C. § 2244. See AO 243 (MDNC 10/07), Instructions, ¶ (4) (copy enclosed).

Petitioner contends that his current filing should not count as a second or successive motion because, after the denial of his prior § 2255 Motion, but before his filing of his current Motion, the Court entered an Order (Docket Entry 319) reducing his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on a retroactive lowering of Petitioner's sentencing range under the United States Sentencing Guidelines. Petitioner contends that the Order

counts as a new judgment in his criminal case that he can now attack for the first time, and without prior approval from the Fourth Circuit, using a § 2255 Motion. He cites In Re Gray, 850 F.3d. 139 (4th Cir. 2017), in support of this proposition. However, that case involved an entirely new judgment entered after the filing of an earlier habeas petition. Here, the sentence reduction pursuant to § 3582 did not vacate the prior Judgment (Docket Entry 159) in Petitioner's criminal case, but instead only modified it. Therefore, the Order granting the § 3582 reduction does not count as a new judgment in Petitioner's criminal case which would allow him to file a § 2255 without being subject to the restrictions on second or successive § 2255 motions. See Sherrod v. United States, 858 F.3d 1240, 1242 (9th Cir. 2017) (holding that an order reducing an sentence under § 3582(c)(2) does not allow a new motion under § 2255 without circuit approval); United States v. Jones, 796 F.3d 483, 486-87 (5th Cir. 2015) (same); White v. United States, 745 F.3d 834, 836-37 (7th Cir. 2014) (same). Consequently, Petitioner's current § 2255 Motion is a second or successive filing for which he must receive approval from the Fourth Circuit. Because of this pleading failure, this particular Motion should be filed and then dismissed.

IT IS THEREFORE RECOMMENDED that this action be filed and then dismissed *sua sponte* for failure to obtain certification for this § 2255 application by filing a Motion for Authorization in the court of appeals as required by 28 U.S.C. §§ 2255 and 2244 and Fourth Circuit Local Rule 22(d).

IT IS THEREFORE ORDERED that the Clerk send Petitioner a copy of this Recommendation, instruction forms for filing § 2255 motions in this Court and Motions for

Authorization in the court of appeals, and four copies of § 2255 motion forms (more copies will be sent on request). Petitioner should keep the original and two copies of the § 2255 motion which can be submitted in this Court if Petitioner obtains approval from the Fourth Circuit.

This, the 9th day of November, 2017.

                                        /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                **United States Magistrate Judge**